IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROLAND C. SPERBERG,

                                                                                                            ORDER

                Petitioner,

                                                                  08-cv-610-bbc

   v.

HELEN MARBERRY,
Warden, Federal Correctional Institution,
Terre Haute, Indiana,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Roland Sperberg brought this petition for a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the legality of his sentence. In particular, he contends that the sentencing judge erred by concluding that drunk driving qualified as a "violent felony" for the purpose of a sentence enhancement under 18 U.S.C. § 924(e).

      Normally, a federal prisoner such as petitioner must attack his sentence on direct appeal or in a motion filed under 28 U.S.C. § 2255. Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003). However, in an order dated November 21, 2008, I concluded that relief might be available to petitioner under § 2241 if a motion under § 2255 was "inadequate or ineffective to test the legality of [the prisoner's] detention," 28 U.S.C. § 2255(e), which

1

means that "a structural problem in § 2255 forecloses even one round of effective collateral review" and "the claim being foreclosed is one of actual innocence." Taylor v. Gilkey, 314 F.3d 832, 835 (7th Cir. 2002).

Under In re Davenport, 147 F.3d 605, 609-10 (7th Cir. 1998), any challenge "to the fundamental legality of [a] sentenc[e]" is a claim of actual innocence, including a claim that one was "sentenced . . . for a status . . . that [was] not made criminal by the statut[e] under which [he was] sentenced." Further, petitioner could not have challenged his sentence under § 2255 because, when he filed his § 2255 motion in 2006, the law of this circuit was that drunk driving qualified as a violent felony under § 924(e). United States v. Sperberg, 432 F.3d 706, 708 (7th Cir. 2005). Petitioner could not have raised this challenge until after the Supreme Court held that drunk driving was *not* a violent felony in Begay v. United States, 128 S. Ct. 1581 (2008). Accordingly, I directed respondent to show cause why the petition should not be granted, while noting that a question remained whether petitioner could obtain relief because the Supreme Court has not yet made the holding in Begay retroactive. Compare Davenport, 147 F.3d 605 (stating that petitioner could not benefit from change in law unless Supreme Court had made it retroactive), with United States v. Prevatte, 300 F.3d 792, 800 (7th Cir. 2002) (stating that scope of retroactivity requirement is "uncertain"), and Morales v. Benzy, 499 F.3d 668 (7th Cir. 2007) (ignoring retroactivity requirement).

Rather than address the merits of the petition, respondent has filed a motion to dismiss under § 2241(a), which states that district courts may grant a habeas petition "within their respective jurisdictions." In the November 21 order, I noted that petitioner and respondent were located outside the Western District of Wisconsin, but that the Court of Appeals for the Seventh Circuit has interpreted § 2241(a) as a "venue provision," which means that a respondent may waive any error that the petitioner made in choosing the proper forum. Moore v. Olsen, 368 F.3d 757 (7th Cir. 2004). Waiver might be sensible in this case because petitioner was sentenced in this district, which means that this court will have to resentence petitioner in the event that his petition is granted.

Respondent has chosen not to waive improper venue in this case. In her motion, she says that she "appreciates that Sperberg's § 2241 petition raises claims that would ordinarily be raised with the sentencing court" but believes that "waiving venue in some cases . . . could create issues of forum shopping and misallocation of resources." Dkt. #11, at 1 n.1.

In his response to the motion, petitioner does not deny that venue is improper here. Instead, he says that respondent has waived improper venue because the motion was filed by the Assistant United States Attorney rather than respondent herself. That argument is a nonstarter because the United States Attorney's office is acting on behalf of respondent, as it does in any other case in which a federal official is sued in her official capacity.

Because venue is improper in this district and respondent has declined to waive that

3

issue, the case cannot stay in this court.  However, the remedy for improper venue is not dismissal, but transfer.  Mostly Memories, Inc. v. For Your Ease Only, Inc., 526 F.3d 1093, 1098 (7th Cir. 2008); see also Cote v. Wadel, 796 F.2d 981, 985 (7th Cir. 1986) (if case is filed in district without personal jurisdiction over defendant, court may transfer case to appropriate jurisdiction rather than dismiss it). Accordingly, I will transfer this case to the Southern District of Indiana, where the parties are located.  Because I have not ruled on the petition, the district court in Indiana is free to assess the merits of the petition without regard to any tentative conclusions made by this court in the November 21 order.

## ORDER

IT IS ORDERED that respondent Helen Marberry's motion to dismiss, dkt. #11, is DENIED and this case is TRANSFERRED to the Southern District of Indiana.

Entered this 31st day of December, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4